UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT LEMAR YOUNG,

    Petitioner,

v.

GARY MINIARD,

    Respondent.
_____/

Case No. 22-cv-10716

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE (ECF No. 11) AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Dwight Lemar Young, who is in the custody of the Michigan Department of Corrections and currently confined at the Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Young challenges his conviction for possession with intent to deliver 1,000 grams or more of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(i), and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. *Id*.

1

Presently before the Court is Young's Motion to Stay Proceedings and Hold Petition in Abeyance. ECF No. 11. Young seeks to return to the state courts to present additional claims that have not been exhausted and that are not included in his current habeas petition. For the following reasons, the Court will hold the petition in abeyance and stay the proceedings under the terms outlined in this opinion. The Court will also administratively close the case.

## I. BACKGROUND

Young was convicted following a jury trial in the Wayne County Circuit Court. ECF No. 10-18, PageID.1192–98. His conviction was affirmed on appeal. *People v. Young*, No. 349880, 2021 WL 406626 (Mich. Ct. App. Feb. 4, 2021), *lv. den.* 507 Mich. 956, 959 N.W.2d 519 (2021), *reconsideration den.* 969 N.W.2d 18 (Mich. 2022).

On March 26, 2021, Young filed the instant application for writ of habeas corpus.[1] He seeks relief on the grounds that he raised in the state courts on his direct appeal: insufficient evidence to sustain his convictions, compromised jury verdict, ineffective assistance of trial counsel, resentencing by a judge other than one who

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on March 26, 2021, the date that it was signed and dated, instead of the date it was entered on the docket. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

2

presided over the trial, fraud upon the court in the affidavit supporting the search warrant, and denial of the right to counsel during sentencing. ECF No. 1, PageID.19

## II. DISCUSSION

A federal district court has the power to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served" (quoting *Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 83 (1st Cir. 2002))); *Banks v. Jackson*, 149 F. App'x 414, 421 (6th Cir. 2005) ("[D]istrict courts confronted with a mixed petition containing potentially meritorious, unexhausted claims, should stay the petition and hold it in abeyance pending prompt exhaustion of state remedies, rather than dismissing the petition without prejudice."); *Thomas v. Stoddard,* 89 F. Supp. 3d 937, 942–43 (E.D. Mich. 2015) (finding court has "discretion to stay the petition" where "a habeas petition contains only exhausted claims, and the petitioner seeks to stay the petition so that he can return to state court on unexhausted claims not yet part of the petition").

The Court grants Young's motion to hold the petition in abeyance while he returns to the state courts to exhaust. The outright dismissal of the petition, even if

3

it is without prejudice, might bar review of his claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). It is common to hold a habeas petition in abeyance when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

Other considerations support holding the petition in abeyance while Young returns to the state courts to exhaust his new claims. Specifically, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2); *McLeod v. Peguese*, 337 Fed. App'x. 316, 324 (4th Cir.2009)). Moreover, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Additionally, this Court is currently unable to determine whether Young's new claims have any merit, thus, the Court cannot say that petitioner's claims are

4

"plainly meritless." *Thomas,* 89 F. Supp. 3d at 943. Nor, on the other hand, can the Court at this time conclude that Young's new claims plainly warrant habeas relief. *Id.* If the state courts deny post-conviction relief, this Court could still benefit from the state courts' rulings on these claims in determining whether to permit Young to amend his petition to add these claims. *Id.* Finally, this Court sees no prejudice to respondent in staying this case, whereas Young "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas,* 89 F. Supp. 3d at 943.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by Young in exhausting state court remedies, this Court imposes time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Young initiating his state post-conviction remedies within sixty days of receiving this

5

Opinion and Order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F. 3d at 721.

Young should exhaust his new claims in the state courts by filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Young's Motion to Stay Proceedings and Hold Petition in Abeyance (ECF No. 11) is **GRANTED**. The proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Young must file a motion for relief from judgment in state court within **sixty (60) days** of receipt of this Opinion and Order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and reinstate the original petition for writ of habeas corpus to the Court's active docket and proceed to adjudicate only the claims that were raised in the original petition. After Young fully exhausts his new claims,

6

he shall file an amended petition that includes the new claims within **sixty (60) days** after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in Young's original habeas petition.

**IT IS FURTHER ORDERED** that to avoid administrative difficulties, the Court **DIRECTS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944. Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will direct the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: November 22, 2022

7

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 22, 2022, by electronic and/or ordinary mail.
/s/ Kelly Winslow for Teresa McGovern
Case Manager