UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT LEMAR YOUNG,

    Petitioner,    Case No. 2:22-CV-10716

v.    UNITED STATES DISTRICT COURT JUDGE
         GERSHWIN A. DRAIN

DONALD CURLEY,

    Respondent,
_____/

**OPINION AND ORDER: (1) DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET, (2) AMENDING CAPTION, (3) GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, (4) DIRECTING THAT THE AMENDED PETITION (ECF No. 17) BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND (5) DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER AND ANY ADDITIONAL RULE 5 MATERIALS**

On March 28, 2022, Dwight Lemar Young ("petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for possession with intent to deliver 1,000 grams or more of cocaine and felony firearm. On November 22, 2022, this Court granted petitioner's motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to exhaust several claims that had not yet to be exhausted with the state courts.

1

Petitioner has filed a motion to lift the stay and a motion to amend the habeas petition. For the reasons stated below, the motions are GRANTED. The Clerk of the Court shall reopen the case and serve a copy of the amended petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office. Respondent shall file a supplemental answer and any additional Rule 5 materials within **one hundred and twenty (120)** days of the Court's order. The caption of the case is amended to reflect that the current respondent is Donald Curley.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner following the exhaustion of state court remedies. *See, e.g.*, *Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Petitioner indicates that the post-conviction appeal has been finalized and his claims have been exhausted with the state courts. The Court orders that the original habeas petition be reopened.

The caption in this case is amended to reflect that the proper respondent in this case is now Donald Curley, the warden of the prison where petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), 28 foll. U.S.C. § 2254.

Petitioner's proposed amended habeas petition should be granted because it advances new claims that may have arguable merit. *See, e.g.*, *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

The Clerk of the Court shall serve a copy of the amended petition for writ of habeas corpus (ECF No. 17) and a copy of this Order on Respondent and on the Attorney General for the State of Michigan as provided in Rule 4 of the Rules Governing § 2254 Cases. *See Coffee v. Harry,* No. 04-71209-DT, 2005 WL 1861943, at *2 (E.D. Mich. Aug. 2, 2005). Respondent shall file a supplemental answer to the amended petition within **one hundred and twenty days** of the Court's order. *See Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.[1] Respondent shall provide any additional Rule 5 materials with the answer. *See Griffin v. Rogers,* 308 F.3d 647, 653–54 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Petitioner has forty-five days from the receipt of the answer to file a reply brief, if he so chooses. *See* Rules Governing § 2254 Cases, Rule 5(e), 28 U.S.C. foll. § 2254.

Dated:  January 28, 2026                                  /s/Gershwin A. Drain
                                                          GERSHWIN A. DRAIN
                                                          United States District Judge

---

[1] Respondent already filed an answer to the original habeas petition on June 10, 2022 (ECF No. 9) and is therefore only required to file a supplemental answer addressing the claims raised in the amended petition.